UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID H. REUTER,

            Plaintiff,

    v.

UNITED STATES OF AMERICA,

            Defendant.

No.  2:26–cv–00327–DC-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the court is Plaintiff's motion for leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  ECF No. 2.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP").  The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.* (internal citation and quotation omitted).  The current application does not demonstrate an inability to pay the $405 filing fee.  Plaintiff's motion states he has a current monthly income of

1

$5,054 ($4,154 + $900).  ECF No. 2 at 1.  Plaintiff lists monthly expenses totaling $2,850.  *Id.* at 2.  Plaintiff states that he currently has about $1,000 in cash or savings, and that he owns a fishing boat.  *Id.*  It appears that Plaintiff's monthly take home pay of $5,054 exceeds his monthly expenses by approximately $2,000/month, and that he has the ability to pay the filing fee.  *See Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED.

2.  If Plaintiff wishes to proceed with this action, he must pay the filing fee within 21 days of the date of this Order.

3.  If Plaintiff does not pay the filing fee within 21 days, the Court may recommend that this action be dismissed.

4.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: February 10, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2