UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID H. REUTER,

          Plaintiff,

     v.

UNITED STATES OF AMERICA,

          Defendant.

No. 2:26–cv–00327–DC-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court is Plaintiff's motion to have the United States Marshal serve the complaint. ECF No. 6. For the reasons set forth herein, the motion is DENIED.

Plaintiff filed this action on February 6, 2026, along with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 & 2. On February 10, 2026, the Court denied the motion for IFP because Plaintiff's motion demonstrated that he had the ability to pay the filing fee. The Court allowed Plaintiff 21 days to pay the filing fee if he wished to proceed. Plaintiff timely paid the filing fee on March 3, 2026, and the summons issued. On March 19, 2026, Plaintiff filed a request that the Marshal complete service.

When a party is proceeding IFP, "officers of the court shall issue and serve all process". 28 U.S.C. § 1915(d). However, Plaintiff is not proceeding IFP. The motion for IFP was denied, and plaintiff paid the filing fee. Plaintiff is responsible for completing service in accordance with

1

Federal Rule of Civil Procedure 4. Rule 4(i) sets forth the procedure for effecting service on the United States.

While the Court has discretion to order service by the Marshal under Rule 4(c)(3), Plaintiff's motion sets forth no good cause for directing the Marshal to complete service. Plaintiff's only given reason given: "I don't have anyone in the area to serve the summons." ECF No. 6 at 2. "A Rule 4(c)(3) application should set forth whatever steps to serve process already have been taken." *Hollywood v. Carrows*, 2018 WL 7461690 at *1 (C.D. Cal. April 26, 2018) (citation and quotation omitted). The motion must provide a factual basis for why a court order is necessary to accomplish service. *Id*. As noted by the *Hollywood* court, the Advisory Committee Notes to Rule 4(c)(3) provide that a "plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service and that court orders directing service by marshal should not be issued unless they really are necessary." *Id.* (citation and quotation omitted). The Court's discretion to direct the Marshal to effect service should be exercised "only in limited circumstances, such as when a law enforcement presence appears necessary or advisable to keep the peace or when a hostile defendant threatens injury to the process server." *Adams v. King County*, 2025 WL 3471884 at *1 (W.D. Wa. Dec. 3, 2025). Plaintiff has not provided a basis to grant the motion, and the Court declines to direct the Marshal to effect service.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to direct the Marshal to complete service (ECF No. 6) is DENIED.

IT IS SO ORDERED.

DATED: April 6, 2026.

_____

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2